# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 20-11123
Summary Calendar

———————

J. Bernabe Nunez Guzman,

*Petitioner—Appellant*,

*versus*

United States Department of Homeland Security,

*Respondent—Appellee*,

_____

Bernabe J. Nunez-Guzman

*Petitioner—Appellant*,

*versus*

United States Department of Homeland Security,

*Respondent—Appellee*.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CV-76
USDC No. 1:20-CV-108

———————————————

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

J. Bernabe Nunez Guzman, former immigration detainee # A077 860 046, appeals the district court's dismissal of his habeas petition challenging the legality of his immigration detention. *See* 28 U.S.C. § 2241. We review de novo the district court's conclusion that Nunez Guzman's habeas claims became moot. *See Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020). Despite the liberal construction afforded pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Nunez Guzman's arguments on appeal are not responsive to the district court's mootness determination, and he has therefore abandoned any challenge to that ruling. *See id.*; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the judgment is AFFIRMED.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.